**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**PETER WLASIUK,**

                          **Petitioner,**

  vs.                                               9:17-cv-972
                                                            (MAD/ML)

**JOSEPH NOETH,** *Superintendent*,

                          **Respondent.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **JUSTIN C. BONUS ATTORNEY AT LAW**<br>118-35 Queens Blvd., Suite 400<br>Forest Hills, New York 11375<br>Attorneys for Petitioner | **JUSTIN C. BONUS, ESQ.** |
| **OFFICE OF THE NEW YORK**<br>**STATE ATTORNEY GENERAL**<br>28 Liberty Street<br>New York, New York 10005<br>Attorneys for Respondent | **MICHELLE E. MAEROV, AAG** |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Petitioner commenced this action on July 5, 2017, seeking a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 4. Petitioner is challenging a 2012 jury verdict in New York State Supreme Court, Chenango County, convicting him of second-degree murder in connection with the death of his wife. *See* Dkt. No. 15.

      In his amended petition, Petitioner argues that his conviction should be set aside for the following reasons: (1) the evidence was legally insufficient to support his conviction; (2) the trial court improperly denied Petitioner's total circumstantial evidence charge; (3) the prosecutor engaged in misconduct during closing arguments that deprived him of a fair trial; (4) the trial

court improperly permitted unduly prejudicial testimony regarding Petitioner's relationship with the victim and her family; and (5) the trial court improperly denied Petitioner's request for the appointment of a special prosecutor. *See* Dkt. No. 15 at 17-23. Respondent filed an answer and response in opposition to the petition, arguing that it should be denied and dismissed in its entirety both on the merits and because Petitioner failed to exhaust his legal sufficiency claim. *See* Dkt. No. 18.

In a Report and Recommendation dated January 18, 2023, Magistrate Judge Lovric recommended that the Court deny and dismiss the petition in its entirety. *See* Dkt. No. 84. As to Petitioner's legal sufficiency claim, Magistrate Judge Lovric assumed that the claim was exhausted, but nevertheless found that it was subject to dismissal on the merits. *See id.* at 16-17. As to the trial court's denial of Petitioner's request for a jury instruction regarding the fact that his prosecution was based entirely on circumstantial evidence, Magistrate Judge Lovric found that it failed to state a viable claim and that, to the extent Petitioner alleges that the failure to give this jury instruction was not sufficiently harmful to violate Petitioner's due process rights. *See id.* at 18. Regarding Petitioner's claim of prosecutorial misconduct, Magistrate Judge Lovric found that the Appellate Division did not clearly err in determining that the prosecution's comments during summation were appropriate in response to arguments made by Petitioner's trial counsel and that such comments did not so infect the trial with unfairness so as to make the resulting conviction a denial of due process. *See id.* at 19-20 (citing *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)). As to Petitioner's claim that the trial court improperly allowed unduly prejudicial testimony regarding his relationship with the victim, Magistrate Judge Lovric found both that the claim was unpreserved and that it is otherwise without merit because federal habeas review is unavailable to redress state evidentiary issues. *See id.* at 20-21. Finally, Magistrate Judge Lovric found that the

trial court's decision to deny Petitioner's motion seeking the appointment of a special prosecutor was neither contrary to, nor an unreasonable application of, clearly established law. *See id.* at 21. Neither party objected to Magistrate Judge Lovric's Report and Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the present matter, the Court finds that Magistrate Judge Lovric correctly determined that the petition should be denied and dismissed. The record before the Court make clear that Petitioner's conviction is supported by legally sufficient evidence and that his arguments regarding Dr. James Terzian changing his conclusion regarding the victim's cause of death concerns a credibility determination not appropriate for federal habeas review. *See Shamsuddin v. Smith*, 578 F. Supp. 3d 328, 339 (N.D.N.Y. 2022) (collecting cases). As to Petitioner's request for a circumstantial evidence charge, there is no viable constitutional basis for habeas relief based solely on an alleged improper jury instruction. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, even when construing this claim as a due process violation, the claim still fails because the alleged error was not sufficiently harmful to make his conviction unfair. *See Blazic v. Henderson*, 900 F.2d 534, 543 (2d Cir. 1990).

As to Petitioner's allegations regarding comments from the prosecution during their summation, the Appellate Division correctly determined that such comments were clearly appropriate since Petitioner's counsel attacked the credibility of the prosecution's witnesses, which invited the prosecution's proportional comments in response. *See People v. Wlasiuk*, 136 A.D.3d 1101, 1103-04 (3d Dep't 2016). Magistrate Judge Lovric also correctly determined that Petitioner's objection to the testimony of the victim's mother and sister is barred by an adequate and independent state law ground since it was unpreserved for direct review. *See Whitley v. Ercole*, 642 F.3d 278, 285 (2d Cir. 2011) (holding that the rejection of a claim on direct review pursuant to N.Y. C.P.L. § 470.05(2) – New York's preservation rule – is an independent and adequate law ground, precluding review of the claim in a federal habeas petition). Alternatively, the admission of this testimony was not in error, as Petitioner's trial counsel "conceded" that the testimony proffered was "probative, relevant and material." Dkt. No. 18 at 35. Finally, the Court finds that Magistrate Judge Lovric correctly determined that Petitioner's claim that a special prosecutor should have been appointed is meritless because an attorney in the district attorney's office was related to the victim and had handled the victim's estate four years before trial, before he was a full time assistant district attorney. *See* Dkt. No. 84 at 21-22. The Supreme Court never required the disqualification of an entire prosecutor's office in such a situation. *See United States v. Hasarafally*, 529 F.3d 125, 128 (2d Cir. 2008).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report and Recommendation (Dkt. No. 84) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that the petition for a writ of habeas corpus is **DENIED and DISMISSED**; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any claims set forth in the petition because Petitioner has not made "a substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 27, 2023
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge